UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
STARLIFT LOGISTICS, INC.
d/b/a SPEED OF SOUND,

                        **MEMORANDUM & ORDER**

          Plaintiff,           **05 CV 4162 (NGG)**

     -against-

PAUL STACEY and MAP CARGO
INTERNATIONAL,

          Defendants.
--------------------------------------------------------X
GARAUFIS, District Judge

      Plaintiff Starlift Logistics, Inc. d/b/a Speed of Sound ("Plaintiff" or "SOS") move for a preliminary injunction against defendants Paul Stacey ("Stacey") and Map Cargo International ("Map Cargo") (collectively "Defendants"). All three parties work on musical tour logistics around the country. Defendants move for dismissal of the complaint under Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue. Stacey also moves for dismissal of the complaint under Rule 12(b)(2) for lack of personal jurisdiction. I held a two-day hearing on these matters at which substantial evidence was presented. I find that while this court has personal jurisdiction over both defendants, venue is not appropriate in the Eastern District of New York.

      I also find that it is in the interests of justice to transfer this matter to a judicial district where venue is proper. This court will therefore hold this case open for thirty (30) days for the Plaintiff to identify a district where venue is proper.

**Background**

      In 2001, Stacey moved from California to New Jersey, where he worked as an operations manager at SOS until 2003. (Tr. Hearing dated Sept. 21, 2005 ("9/21 Tr.") 61; Tr. Hearing dated

Sept. 22, 2005 ("9/22 Tr.") 142.)  In August 2004, Stacey entered into a six-month employment

agreement to be a salesman for SOS in California.  (Pl. Amended Compl. 2; 9/21 Tr. 66.)  That

employment agreement included a non-solicitation provision.[1]  After approximately six months,

Stacey's employment was extended for an additional six month period.  (Pl. Amended Compl.

3.)  During the course of Stacey's employment with SOS as a salesman, at least 15 percent of

SOS's work involved New York state in some way.  (9/22 Tr. 175.)  In July 2005, Stacey began

working for Map Cargo in California.  (Id.)  Stacey has continued to work with a number of acts

that had previously been customers of SOS, including Herbie Hancock, Slipknot, Yamaha,

Rojan, and the Violent Femmes.  (Id. at 4.)  Stacey coordinated a delivery for Yamaha, and may

have made other arrangements, through Map Cargo's New York office.  (Id.)  Stacey worked on

some projects that involved shipments into or out of John F. Kennedy airport.  (9/22 Tr. 173.)

Furthermore, Stacey coordinated a pick-up of equipment for Rojan at the North Fork Theater in

Westbury, New York.  (Pl. Amended Compl. 4)

Plaintiff sues Defendants for the violation of the non-solicitation covenant in his

employment contract.  Defendants both currently reside in California.  Map Cargo has an office

---

[1] The relevant portion of the non-solicitation provision states:

> During your employment and for a period of one (1) year after the termination
> of such employment, whether or not such employment continued by renewal of
> this Agreement and regardless of who initiated the termination and the cause of
> such termination, Paul Stacey shall not directly or indirectly, for himself, or on
> behalf of, or in conjunction with, any other person or persons, company,
> partnership, corporation, or governmental entity, contact, engage or solicit,
> Employer's customers, including but not limited to those customers with whom
> Employee established relationships as part of or contacted during, Employee's
> employment with Employer, for the purpose of soliciting or selling such
> customer the same similar or related products and/or services that Employer
> provides.

(Pl.'s Amended Compl. 2-3.)

on Long Island.  Plaintiff resides in New Jersey.

**Analysis**

### *1.    Personal Jurisdiction*

Stacey has moved to dismiss the complaint for lack of personal jurisdiction.  All parties

agree that the court has personal jurisdiction over Map Cargo because Map Cargo has an office

within the Eastern District of New York.

In a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of

demonstrating that the court has jurisdiction over the defendant.  Whitaker v. Am. Telecasting,

Inc., 261 F.3d 196, 208 (2d Cir. 2001). Where the parties have not yet conducted discovery, the

plaintiff may defeat such a motion by "pleading in good faith . . . legally sufficient  allegations of

jurisdiction, i.e., by making a 'prima facie showing' of jurisdiction." Jazini v. Nissan Motor Co.,

Ltd., 148 F.3d 181, 184 (2d Cir. 1998) (quoting Ball v. Metallurgie Hoboken-Overpelt, S.A., 902

F.2d 194, 197 (2d Cir. 1990)). However, before a court may enter a preliminary injunction

against a litigant, personal jurisdiction over that party must be "clearly established."  Weitzman

v. Stein, 897 F.2d 653, 658-659 (2d Cir. 1990); Do the Hustle, LLC v. Rogovich, 03 Civ. 3870,

2003 U.S. Dist. LEXIS 10445 (S.D.N.Y. 2003) (finding that a preliminary injunction requires

more than prima facie showing).

A court considering a motion to dismiss a complaint under Rule 12(b)(2) for want of

personal jurisdiction must first apply the law of the state where the federal court sits to determine

personal jurisdiction over a defendant.  Bank Brussels Lambert v. Fiddler Gonzalez &

Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999).  Under Rule 4(k)(1)(A) of the Federal Rules of

Civil Procedure, the service of a summons establishes personal jurisdiction over a defendant

"who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which

the district court is located." Id.  If jurisdiction is established, the court must then determine

whether the exercise of jurisdiction under the relevant state law would violate the defendant's

due process rights.  Bank Brussels Lambert, 171 F.3d at 784.

The applicable portion of New York's long arm statute provides:

> (a) Acts which are the basis of jurisdiction. As to a cause of action arising
> from any of the acts enumerated in this section, a court may exercise
> personal jurisdiction over any non-domiciliary, or his executor or
> administrator, who in person or through an agent:
>
>> 1. transacts any business within the state or contracts anywhere to
>> supply goods or services in the state.

N.Y. CPLR § 302(a)(1).  Satisfaction of the state law requirements, therefore, depends on

whether Stacey "transacted business" or "supplied services" in New York state.

a.    Transacted Business

In order to obtain jurisdiction under NY CPLR § 302(a)(1), "the following conditions

must be met: (1) the defendant must transact business in the state; and (2) the cause of action

must be directly related to, and arise from, the business so transacted."  Reyes v. Sanchez-Pena,

742 N.Y.S.2d 513, 524 (N.Y. Sup. Ct. 2002) (citing Storch v. Vigneau, 556 N.Y.S.2d 342 (1st

Dep't 1990)).

Under New York law, "the 'transacting business' prerequisite is satisfied if it is shown

that the non-domiciliary 'purposefully availed itself of the privilege of conducting activities

within [New York], thus invoking the benefits and protections of its laws.'"  McLenithan v.

Bennington Cmty. Health Plan, 635 N.Y.S.2d 812, 813 (N.Y. App. Div. 3d Dept 1996) (quoting

McKee Elec. Co. v. Rauland-Borg Corp., N.Y.S.2d 34 (1967)).  The "arises from" prong is

satisfied if there is a strong nexus between the plaintiff's cause of action and the defendant's in-state conduct.  See Launer v. Buena Vista Winery, Inc., 916 F. Supp. 204, 208 (E.D.N.Y. 1996).  "[A] single transaction in New York out of which the cause of action has arisen may satisfy the transaction of business provision."  Reyes, 742 N.Y.S.2d at 523 (citing Singer v. Walker, 15 N.Y.2d 443, 456-457, 261 N.Y.S.2d 8, 18 (1965)).

In determining whether an out-of-state defendant "transacts business" in New York, the Second Circuit, interpreting New York state law, has adopted an approach that considers a number of factors, such as (1) whether the defendant has an on-going contractual relationship with a New York corporation; (2) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (3) what the choice-of-law clause is in any such contract; and (4) whether the contract requires notices and payments to be sent into the forum state or requires supervision by the corporation in the forum state.  See Agency Rent A Car, 98 F.3d at 29.  The courts may consider other factors and are to examine the totality of circumstances.  See id; Creative Socio-Medics, Corp. v. City of Richmond, 219 F. Supp. 2d 300, 305-06 (E.D.N.Y. 2002).

Stacey established contractual relations in New York (mostly Manhattan) with New York based corporations, both as an employee of SOS and as an employee of Map Cargo.  (9/22 Tr. 172-81.)  And while those contractual relations are not the subject of the current action, they include actions taken pursuant to the contract in dispute, as well as actions alleged to be in violation of that employment contract.  These linkages provide support both for purposeful availment and nexus.

b.      Supplied Services

A single contract to supply goods or services into New York, along with the subsequent supplying of goods or services may be sufficient to establish personal jurisdiction under this prong.  See Mario Valente Collezioni v. Confezioni Semeraro Paolo, 264 F.3d 32, 37 (2d Cir. 2001).  Furthermore, the court is not required to examine the totality of the circumstances.  Great Northern Ins. Co. v. Constab Polymer-Chemi GMBH & Co., 2003 U.S. App. LEXIS 19651 (2d. Cir.) ("While the court may conduct this type of fact-specific inquiry in analyzing whether jurisdiction is proper under the "transacting business" prong of C.P.L.R. § 302(a)(1), . . . such weighing is unnecessary under the more specific "contracting to supply goods" prong where there is an express contract to ship goods to New York, ... as such a contract falls squarely within the statutory grant of jurisdiction.") (internal citations omitted).

Plaintiff must, however, establish that defendant "purposefully availed" himself of the "privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws."  Lombardi v. Paige, 00 CV 2605, 2001 U.S. Dist. LEXIS 3442 (S.D.N.Y. Mar. 28, 2001).  In addition there must be a nexus between the service contract and the action.  Id.

In this case, Stacey has contracted with corporations and entities in New York (such as musical acts and venues) to provide freight and storage services in and around New York, satisfying the personal availment requirement.  The nexus between those service contracts and the action at hand is found because the provision of services of which Plaintiff complains include contracts that Stacey has made to provide services in New York.

3.      Constitutional Analysis

Due process requires that a defendant has purposefully established "minimum contacts"

with the forum state, such that exercise of personal jurisdiction over him "does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal citations omitted). To establish minimum contacts, a plaintiff must show that the defendant "purposely directed his activities at residents of the forum," and that the plaintiff's claim arises from or relates to those activities . Burger King v. Rudzewicz, 471 U.S. 462, 472 (1985). It is designed to ensure that the defendant is not "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Burger King, 471 U.S. at 472, internal citations omitted). The test protects the defendant from having to defend himself in a forum where he should not have anticipated being sued. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1979).

Burger King instructs, "where the defendant 'deliberately' has engaged in significant activities within a State or has created 'continuing obligations' between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there." Burger King, 471 U.S. at 475-76 (citations omitted). Therefore, "it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." Id. at 476. Under this analysis, I hereby deny Stacey's motion to dismiss for lack of personal jurisdiction.


### 2. *Venue*

This court shall now consider whether venue properly lies in this district. "If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a *prima facie* showing of [venue]. But if the court holds an evidentiary hearing . . . the plaintiff must demonstrate

[venue] by a preponderance of the evidence." <u>Gulf Ins. Co. v. Glasbrenner</u>, 417 F.3d 353, 355

(2d Cir., 2005) (internal citations omitted). Under the statutory provision governing venue,

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

The court must have proper venue for each cause of action in a complaint. The causes of

action in the amended complaint are (1) Injunctive Relief; (2) Breach of Contract; (3) Tortious

Interference with Contract; and (4) Aiding and Abetting. The first two claims are against

defendant Stacey and the second two claims are against defendant Map Cargo. "Courts making

venue determinations in contract disputes have looked to such factors as 'where the contract was

negotiated or executed, where it was to be performed, and where the alleged breach occurred.'"

<u>Gulf Insurance</u>, 417 F.3d at 357.

Plaintiff contends that Stacey's employment contract while at SOS was partially

performed in New York. For example, Stacey's duties under the contract included outreach and

sales to clients in the district and arranging of jobs in the district (at venues such as the Brooklyn

Academy of Music, Westbury Theater, National Coliseum, and smaller clubs throughout the

district). Plaintiff goes on to assert that one job at the Westbury theater was disrupted in

violation of the non-competition clause. Finally, Plaintiff alleges, but no proof was offered, that

defendant Map Cargo used its Long Island office to usurp SOS's business.

Although venue may be proper in more than one district and may exist even where a greater part of the events occurred elsewhere, a district has venue only if a substantial portion of the underlying activities occurred in the district. The Second Circuit instructed "district courts to take seriously the adjective 'substantial.' We are required to construe the venue statute strictly. See Olberding v. Illinois Cent. R.R., 346 U.S. 338, 340, 74 S.Ct. 83, 98 L.Ed. 39 (1953). That means for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." Gulf Insurance, 417 F.3d at 357 (emphasis in original).

Under such a rubric, the Eastern District of New York is not the proper venue for this complaint. Unlike Gulf Insurance, where there was evidence that the contract was "negotiated, approved, and executed" in the Southern District of New York, and if borne out venue would be proper there, in the instant case Plaintiff is unable to demonstrate that the contract was negotiated or approved in the Eastern District of New York. See id. While there is some evidence that the contract was executed in the Eastern District of New York, it does meet the standard of "substantial". Personal jurisdiction was found partly because of Defendants' contacts throughout New York, and primarily in Manhattan, which meet the lower threshold of the minimum contacts test necessary for personal jurisdiction; however, I do not find Defendants' conduct or actions in the Eastern District to be "significant". As such, I conclude that venue is improper.

### 3. Transfer

Having found that venue is not proper in this district, I now turn to the issue of transfer. Federal law provides that: "the district court of a district in which is filed a case laying venue in

the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to dismiss or transfer lies within the sound discretion of the district court. Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).

This court finds that it is in the interests of justice to transfer this matter to a district that has personal jurisdiction over Defendants and where venue is proper. "Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'" Goldlawr, Inc. v. Heinman, 369 U.S. 463, 467 (1962) (quoting Internatio-Rotterdam, Inc., v. Thomsen, 218 F.2d 514, 517 (4th Cir. 1955)).

It is apparent that both personal jurisdiction and venue would be proper in California. Nonetheless, the Plaintiff should have some choice in deciding which proper district is most convenient. I therefore instruct the Plaintiff to notify the court of a proper venue that it prefers within thirty days.


**Conclusion**

This court DENIES Plaintiff's motion for a preliminary injunction for lack of proper venue. The court DENIES Defendants' motion to dismiss for the reasons set forth above, and holds this matter open for thirty (30) days or until the Plaintiff informs the court in which judicial district there is proper venue and personal jurisdiction. Should Plaintiff fail to apprise this court of the proper venue of this matter within thirty (30) days, this court shall dismiss this

matter for failure to prosecute.

SO ORDERED.

Dated: September 19, 2006
      Brooklyn, N.Y.

_____/s/_____
Nicholas G. Garaufis
United States District Judge